IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BANNISTER ASSOCIATES          *
                              *
                              *
v.                            *     Civil No. – JFM-12-2433
                              *
CHERELL GIBSON                *
                         ******

## MEMORANDUM

This action for eviction was originally instituted in the District Court of Maryland for Charles County, Maryland. Defendant removed the action to this court on the ground that a federal question is presented. Plaintiff has filed a motion to remand. The motion will be granted.[1]

Plaintiff, the landlord of an apartment project, alleges that plaintiff, a "Section 8" tenant, has violated the terms of her lease agreement with plaintiff.[2]

Defendant argues that because the provisions of the lease agreement are dictated by federal regulations and because the agreement provides that its termination "must be carried out in accordance with HUD regulations," the case is properly removable.

In my judgment these allegations are insufficient to create federal question jurisdiction. Such jurisdiction is available only where a claim "necessarily depends on resolution of the substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Here, "a substantial question of federal law" does not underlie

---

[1] Plaintiff also seeks the award of attorneys' fees. The question presented is sufficiently close that I do not believe that attorneys' fees should be awarded. Accordingly, the request for attorneys' fees is denied.

[2] The case also has a somewhat unusual factual history in that plaintiff attempted to have defendant's motor vehicle towed, causing an incident that resulted in plaintiff having a charge for second degree assault lodged against defendant.

1

plaintiff's claim.  Moreover, Congress certainly did not contemplate that every eviction case concerning a Section 8 tenant would be brought in federal court.  *See Grable & Sons Metal Productions, Inc. v. Darue*, 545 U.S. 308, 312 (2005) ("[A] federal issue will ultimately qualify for federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts . . . .")  The District Court of Maryland is as equally competent as is this court to determine whether the terms of the lease agreement and the HUD regulations were complied with.

      A separate order effecting the rulings made in this memorandum is being entered herewith.


Date:   October 10, 2012        ___/s/_____
                                        J. Frederick Motz
                                        United States District Judge